372 So.2d 781 (1979)
Everett BELL and Mary Elizabeth Glover Bell, Plaintiffs-Appellees,
v.
BESTYET DISCOUNT FOODS # 2, Kansas City Fire & Marine Insurance Company and Pepsi Cola General Bottlers, Inc., In Solido, Defendants-Appellants-Appellees.
No. 13857.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1979.
*782 Lunn, Irion, Switzer, Johnson & Salley by Richard H. Switzer, Shreveport, for defendants-appellants Scrivner, Inc. and Kansas City Fire & Marine Ins. Co.
C. William Gerhardt, Shreveport, for plaintiffs-appellees Everett Bell and Mary Elizabeth Glover Bell.
Mayer, Smith & Roberts by Caldwell Roberts, Shreveport, for defendants-appellees Florence G. Goldberg, Melvin Goldberg and Pepsi-Cola Bottling Co. of Shreveport.
Before BOLIN, PRICE and HALL, JJ.
HALL, Judge.
Defendants, Scrivner, Inc. d/b/a Bestyet Discount Foods # 2 and Kansas City Fire & Marine Insurance Company, its insurer, appeal from a judgment ordering them to pay $1,884.61 plus interest and costs to plaintiffs, Everett and Mary Bell, for injuries Mary Bell received when empty soft drink bottles in a wire rack affixed to a Pepsi machine located in defendant's store fell and struck her on the head. We affirm.
The issues presented by defendants' appeal are: (1) whether plaintiffs proved the existence of a premise hazard by a preponderance of the evidence as required by Johnson v. Ins. Co. of North America, 360 So.2d 818 (La.1978); (2) whether the defendant storeowner was responsible for the condition of the vending machine and rack; and (3) whether the award was excessive.
Plaintiff, Mary Bell; her two grandchildren ages two and eight; a friend, Naomi Gay, and her daughter, age two, all went shopping on June 22, 1976. After plaintiff had run an errand at the neighboring T G & Y Store, she entered the Bestyet grocery store to meet Naomi Gay. She found her in the rear of the store near the aisle where *783 the Pepsi machine was located. The children wanted some cookies located on the same aisle as the machine toward the front of the store. Plaintiff walked past the machine and rack and assisted the children in their selection. She left the children near the front of the aisle and walked back toward Naomi Gay at the rear of the store. There was no one else in the aisle. As she walked by the rack, her eight-year-old grandchild yelled "watch out Grandma!" Plaintiff looked up and two or three bottles hit her on the forehead. Naomi Gay heard the shout and some bottles breaking and turned in time to see at least one bottle strike plaintiff on the forehead. She rushed to plaintiff's side and assisted her to a sitting position. Plaintiff and Naomi Gay then noticed the rack. It was hanging at an angle because one of the hooks had slipped off the top of the machine.
Several years prior to the accident Pepsi-Cola Bottling Company of Shreveport, placed a vending machine with a wire rack in defendant's store. The rack had two hooks which fit over two flanges on top of the machine and was held in place on the front of the machine by its own weight and the weight of the empty bottles placed in it. Pepsi retained ownership of the machine and rack. Its routeman occasionally serviced it, filling the machine and emptying the rack as needed during his normal calls to defendant's store. Pepsi did not pay rent for the space and benefited only from the sale of its product to defendant. Defendant bought the drinks sold from the machine and received all money from sales to customers. Usually, defendant's employees serviced the machine, filling the machine and emptying the rack when needed, using the key left by Pepsi in defendant's possession.
Plaintiff filed suit against appellants and also against Pepsi-Cola Bottling Company of Shreveport and Melvin and Florence Goldberg, partners in the Pepsi-Cola Bottling Company of Shreveport. After trial, the trial judge found that Pepsi-Cola Bottling Company of Shreveport was not negligent and dismissed the action against it and its two partners. The trial court found that "the bottles fell here without being jostled, without being hit by another grocery cart; that the lady was standing there, and the bottles fell." It also found that plaintiff was injured on defendant's premises and was not negligent herself and "the only possible conclusion based on the facts that we have ... is that the circumstance here was dangerous, that the bottles were stacked in a dangerous manner." It imposed liability on the defendant storeowner and its insurer. The court awarded $1,134.61 in special damages for medical expenses and $750 for Mary Bell's pain and suffering.

LIABILITYPROOF OF PREMISE HAZARD
A storekeeper owes an affirmative duty to those who use his premises to exercise reasonable care to keep the premises in a safe condition. Kavlich v. Kramer, 315 So.2d 282 (La.1975). In Kavlich, a slip and fall case, the rule was clearly enunciated that when a plaintiff has established that a foreign substance is on the floor of a store and that it caused plaintiff to slip, fall and be injured, the burden then shifts to the defendant to go forward with the evidence to exculpate itself from the presumption that it was negligent. This rule was reaffirmed in Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976). Implicit in the Kavlich and Gonzales decisions is a recognition that in a self-service store a customer who is injured as a result of a premise hazard is usually in no position to establish who created the hazard or how long it has existed. Although Kavlich and Gonzales were slip and fall cases the same rule has been applied in falling merchandise cases. See Hyman v. National Super Markets, Inc., 353 So.2d 397 (La.App. 4th Cir. 1977).
Johnson v. Ins. Co. of North America, 360 So.2d 818 (La.1978) is the Supreme Court's most recent statement on the duty of a storeowner to the public. In that case plaintiff was reaching for a can on an upper shelf when several large cans fell from a *784 bottom shelf, injuring her. Plaintiff testified she did not touch the cans prior to their falling. After the accident she first noticed the cans on the shelf stacked in a disarrayed manner. The trial court awarded recovery and the Court of Appeal affirmed concluding that a rebuttable inference had been raised that the cans were not properly stacked when plaintiff proved she was injured by falling cans which she did not cause to fall. It held the defendant then bore the burden of exculpating itself from liability. A dissenting opinion in the Court of Appeal took the position that there was a reasonable inference plaintiff caused the accident based on plaintiff's alleged statement to defendants to the effect that plaintiff had bumped the cans with her leg.
The Supreme Court granted writs because "it felt the Court of Appeal unjustifiably extended the principles enunciated in Gonzales and Kavlich," In reversing the Court of Appeal it reaffirmed the general rule that "when a customer in a self-service store proves injury resulting from a premise hazard, the burden shifts to the storeowner to exculpate himself from the presumption of fault thereby arising and to establish his own freedom from fault." The court defined a premise hazard as "a condition of the premises or of the store operation that results in an unreasonable risk of harm to customers under the circumstances." The court noted that in order for the burden of proof to shift to the defendant the plaintiff must prove by a preponderance of the evidence that a premise hazard caused his injury. The issue in this case was stated as whether such a premise hazard was preponderantly proved by the evidence. After reviewing the evidence the court found the evidence in that case did not preponderantly (i. e. more probably than not) show that the cans were stacked in a dangerous manner before the accident. The court concluded that plaintiff failed to carry her burden of proving a premise hazard and could not recover.
In the case before this court defendants strenuously argue that there is no evidence as to the condition of the rack or bottles in the rack before the accident, that Johnson applies, and that we must reverse the judgment of the district court because plaintiff failed to prove a premise hazard. We disagree. Johnson is distinguishable on its facts and the evidence. In Johnson the evidence taken as a whole did not reasonably establish the probability that the cans fell only as a result of improper stacking, either by defendant's employees or customers. There was some evidence in the record suggesting that plaintiff may have caused the cans to fall. The record also contained evidence of the store's inspection procedures and precautionary measures.
The evidence in the instant case shows plaintiff did not cause the bottles to fall. Immediately after the accident the rack was hanging crooked from the machine, suggesting it was not properly affixed to the top of the machine. There was no evidence of any inspection procedures concerning the bottles in the rack and the store employees had never inspected the hooks fastening it to the machine. The only reasonable inference from the evidence in this case, as found by the trial court, is that the bottles were improperly placed in the rack or the rack was improperly secured on the top of the machine, or both, constituting a premise hazard which caused the accident and plaintiff's injuries.
In slip and fall cases, the plaintiff can usually establish a premise hazard by merely establishing the existence of foreign material on the floor. In falling merchandise cases, however, evidence establishing only that the merchandise fell is not sufficient to establish a premise hazard. In falling merchandise cases a plaintiff ordinarily will be required to rely on circumstantial evidence to prove the pre-existing hazard or dangerous condition, but where such evidence preponderates in favor of a finding of a premise hazard, then the burden shifts to the defendant to exculpate itself from fault by showing it exercised reasonable care through appropriate cleanup and inspection procedures or otherwise. In the case before this court plaintiff carried her burden of proving a premise *785 hazard and defendant made no showing of an exercise of reasonable care. Plaintiff is entitled to recover from the defendant storeowner and its insurer.

SECOND ISSUERESPONSIBILITY FOR THE MACHINE AND RACK
Although owned by the Pepsi-Cola Bottling Company, the vending machine and rack were ordinarily serviced and maintained by the defendant storeowner as part of its store premises for the purpose of selling its merchandise to its customers. The machine and rack were within the care, custody and control of the defendant storeowner and the storeowner is responsible for plaintiff's injuries resulting from the hazardous condition which existed in connection with the machine and rack.

THIRD ISSUEAMOUNT OF DAMAGES
Defendants contend plaintiff is a "chronic complainer" and that most of her medical expenses incurred for examinations and tests were unwarranted. The trial court showed concern over whether some of the medical expenses were causally related to the accident. After careful consideration, however, it concluded they were. The evidence supports that conclusion. The award for expenses and pain and suffering is within the much discretion of the trial court.
The judgment of the district court is affirmed at the cost of defendantsappellants.
Affirmed.