399 So.2d 771 (1981)
Lou Anna WATSON, Plaintiff-Appellant,
v.
WEST BROTHERS OF VILLE PLATTE, INC., Defendant-Appellee.
No. 8213.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Lewis & Lewis, Peter F. Caviness, Opelousas, for defendant-appellee.
Before GUIDRY, FORET and CUTRER, JJ.
CUTRER, Judge.
Lou Anna Watson brought suit against West Brothers of Ville Platte, Inc. (West Brothers) for damages as a result of injuries she incurred when she slipped and fell in West Brothers' store.
The State of Louisiana, through the Department of Health and Human Resources (Department), intervened asking that West Brothers reimburse the Department for $682.96, plus legal interest, representing assistance payments and/or medical expenses paid on behalf of the plaintiff as a result of the fall.
The trial court rendered judgment in favor of West Brothers dismissing plaintiff's suit and the Department's intervention. Plaintiff appeals. We affirm.
The issue presented is whether the trial court committed manifest error in its dismissal of plaintiff's suit.
The issue herein is purely factual; that is, credibility of the witnesses. There is a direct conflict between the testimony of witnesses presented by the plaintiff and that presented by West Brothers.
In addition to her testimony, plaintiff called as witnesses: Diana Watson, plaintiff's daughter; Barbara Watson, plaintiff's sister and Linda Gallow, an acquaintance.
Plaintiff testified at trial that on December 8, 1978, she entered West Brothers' store at 9:00 A.M. to do some shopping for some material. At 10:30 A.M. she found the material she wanted to buy. She stated that she took the material to the counter and after placing it thereon, she turned *772 around to get another piece of material when she slipped and fell. She testified that she stepped on a ball of loose thread which caused her to slip and fall. She told the employees of the store simply that she just slipped and fell. She didn't mention any thread to the employees who asked her what happened.
In her discovery deposition plaintiff contended that it was a combination of the thread and some water on the floor that caused her to fall. At trial she limited the cause to the thread. There were other discrepancies between the deposition testimony of plaintiff and the trial testimony that raises a question as to her credibility.
Diana Watson, plaintiff's daughter, and Barbara Watson, plaintiff's sister, were notified of the fall by store employees. These two witnesses both testified that, after arriving at the scene of the accident, they saw the thread on plaintiff's shoe and a wet spot on her dress. There were discrepancies between the deposition testimony of Diana and the testimony she gave at trial which could lead to a question of credibility of such testimony.
Linda Gallow, an acquaintance of plaintiff, stated that she was in the store, near the plaintiff, when the accident happened. She testified that she saw the thread that was attached to some material. She stated that she saw a small spot of water on the floor where plaintiff fell.
It is interesting to note that neither the plaintiff nor any of the plaintiff's witnesses mentioned anything about the thread or water to the store employees as being a cause of the fall.
West Brothers' employees who testified all stated that they never saw any ball of thread or any water that may have contributed to plaintiff's fall. Mrs. Elsie Bertrand, who was in the immediate vicinity of the plaintiff at the time of the fall, said she saw no water on the floor or on the plaintiff's clothes immediately after the fall. She also testified that she looked down at the plaintiff's shoe and saw no thread. We must note that this witness was not employed by West Brothers at the time of trial but was working at a pharmacy.
Mrs. Aubry Miller, another employee, was across the counter from plaintiff when she fell. She testified that there was no water on the floor or on the plaintiff's clothes, and that she did not see any thread or other debris on the floor and found none later. Mrs. Miller was not working for West Brothers at the time of trial.
Wilfred Ardoin, the janitor for West Brothers, was one of the employees who helped pick the plaintiff up and put her in a chair. He saw no thread on the plaintiff's shoe and no water on the floor nor wet spot on her clothing.
We note that two of West Brothers' witnesses, Elsie Bertrand and Mrs. Miller, were no longer employed at West Brothers at the time of trial. Since they were disinterested witnesses, the trial court could have viewed this as adding to their credibility.
The manager of West Brothers, Lee Ray Johnson, testified that all the employees have the duty to see that all aisles are kept neat and clean. A full time janitor is on duty to inspect and to clear the aisles. The janitor has the duty of continuously inspecting and cleaning the aisles during working hours.
Regarding the liability of a store owner to his customers, our Supreme Court, in Johnson v. Ins. Co. of North America, 360 So.2d 818, 820 (La.1978), stated:

"Our opinions in Kavlich [v. Kramer, 315 So.2d 282 (La.1975)] and Gonzales [v. Winn-Dixie Louisiana Inc., 326 So.2d 486 (La.1976)] shift the burden of proof to a store operator after a plaintiff has shown that a premise hazard caused his injury. Once the premise hazard and the injury it caused are proved by a preponderance of the evidence, the burden of proof shifts to the store owner to show that he was not negligent. But that shifting does not occur until the plaintiff preponderantly proves a premise hazard."

A premise hazard is a condition of the premises or of the store operation that results in an unreasonable risk of harm to customers under the circumstances. Johnson v. Ins. Co. of North America, supra.
*773 In slip and fall cases the plaintiff can usually establish a premise hazard by merely establishing the existence of a foreign material on the floor. Bell v. Bestyet Discount Foods No. 2, 372 So.2d 781 (La.App. 2nd Cir. 1979).
The evidence, as to the existence of a hazard, is in conflict. No written reasons for the judgment were given by the trial court. We have reviewed the record in its entirety to determine if the result reached by the trial court was manifestly erroneous. It is apparent to us that the trial court found that the plaintiff failed to prove existence of any foreign substance creating a hazardous condition for walking. A court of appeal should not disturb the findings of the trial court when there is a conflict in the testimony unless it is clear they are manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Manifestly erroneous means clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the record reveals that a factual determination that the plaintiff's fall was not caused by any debris or water on the floor is not clearly wrong.
For the above reasons the judgment of the trial court is affirmed. Costs are assessed to plaintiff-appellant.
AFFIRMED.