733 So.2d 667 (1999)
Clinton HENDERSON, et al., Plaintiff-Appellee,
v.
SUTHERLAND'S LUMBER CO., Defendant-Appellant.
No. 31,714-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
Correcting Opinion Rendered April 12, 1999.
*668 Cook, Yancey, King & Galloway By Lee H. Ayres, Shreveport, Counsel for Appellant.
Rice & Kendig By William F. Kendig, Shreveport, Counsel for Appellee.
Before WILLIAMS, PEATROSS & KOSTELKA, JJ.
PEATROSS, J.
Defendant, Sutherland's Lumber Co. ("Sutherland"), appeals the trial court's judgment finding it liable for Plaintiff's, Clinton Henderson's ("Mr.Henderson"), injuries sustained in a fall which occurred on Sutherland's property. The trial court found no comparative fault on the part of Mr. Henderson and entered judgment against Sutherland in the principal amount of $50,000. Sutherland presents two assignments of error: (1) that the trial court erred in finding that the ramp located at the entrance to Sutherland, where Mr. Henderson fell and injured himself, was unreasonably dangerous and constituted an unreasonable risk of harm, and (2) that the trial court erred in failing to find comparative fault on the part of Mr. Henderson. For the reasons stated herein, we affirm the judgment of the trial court.

FACTS
On August 21, 1993, Mr. Henderson and his companion, James Raspberry went to Sutherland to purchase appliance parts. There is a ramp leading up to the front door of Sutherland to facilitate customers buying lumber and large items which must be moved on carts. Mr. Henderson and Mr. Raspberry parked in the front parking lot, walked across the front ramp and entered the store. As the two men exited the store, walking down the same ramp, Mr. Henderson fell and injured himself. The fall occurred as Mr. Henderson stepped on or near the right front corner of the ramp, as you approach the building (the left corner as you exit the building). The ramp is approximately four inches in height at the door to the building and extends 16 to 17 feet from the door, tapering to approximately ¼ inch, or almost flush with the parking lot. The evidence revealed that the front corners of the ramp, as it meets the parking lot, were rough and had small bits of concrete breaking away from them.

DISCUSSION

Liability of Sutherland
Sutherland argues that Mr. Henderson's testimony of how the accident occurred is inconsistent with Mr. Raspberry's version of the accident and the physical evidence. Mr. Henderson testified consistently that the concrete ramp "collapsed" and his foot went into a "hole" which caused him to fall. Mr. Raspberry testified that Mr. Henderson stepped on some "new concrete" which had been poured, but which had not yet cured, at the front edge of the ramp which caused Mr. Henderson's fall. The evidence showed that there had been *669 no "new concrete" poured on the ramp, as it had remained unchanged for approximately six years prior to Mr. Henderson's fall. Sutherland emphasizes that in those six years, the store received an average of 600 customers per day, which translates into 4,200 customers per week; 218,400 customers per year; or more than one million customers over the six-year time frame prior to the accident. Mr. Henderson is the first customer to report having tripped, fallen or complained about the condition of the ramp. Sutherland argues, therefore, that the trial court's finding that the ramp presented an unreasonable risk of harm making Sutherland liable for Mr. Henderson's injuries, was manifestly erroneous. We disagree.
It is the trial court which is allocated the fact finding function within Louisiana's court system; and, therefore, it is the trial court which has the opportunity to evaluate live witnesses and to evaluate a mixture of deposition and live testimony. For this reason, the trial court is accorded great deference in its factual findings. Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990). Consequently, on appellate review, the trial court's reasonable factual findings, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed. Id.
A court of appeal may only set aside a trial court's or a jury's finding of fact on a finding of manifest error or if the finding is clearly wrong. Sistler, supra; Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). If there are two permissible views of the evidence, the fact finder's choice between them can virtually never be manifestly erroneous or plainly wrong. Lewis v. State, 94-2370 (La.4/21/95), 654 So.2d 311; Sistler, supra; Arceneaux, supra. Thus, the appellate court's disagreement with the trial court, alone, is not grounds for substituting its judgment for that of the trier of fact. If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Lewis; supra; Sistler, supra; Rosell, supra; Moore v. Kansas City Southern R. Co., 31,081 (La.App.2d Cir.10/28/98), 722 So.2d 296.
The trial court found Sutherland liable under La. C.C. art. 2322, Damage caused by ruin of building. The version of that article which was in effect at the time the accident occurred read as follows:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice.[1]
The trial court found that as Mr. Henderson approached the "thin end" of the ramp "a piece broke off the end where he was stepping causing him to fall and sustain injuries." The trial court noted the "broken and deteriorated edge of the ramp" finding such to be the cause of the accident and further finding that Sutherland had knowledge of the ramp's condition. Additionally, the trial court found that because the repairs to the ramp would be simple and inexpensive, they would certainly fall within the meaning of reasonable care.
Mr. Henderson argues, and we agree, that the trial court examined all of the evidence and drew reasonable factual conclusions about how the accident occurred. Rex Clinkenbeard, the general manager of Sutherland, testified that the corner of the ramp where Mr. Henderson fell was somewhat broken up, but not quite as "long" of a "breakout" as the opposite corner of the ramp. Gerald Goldman, the cashier manager for Sutherland, testified that when he inspected the area where Mr. Henderson fell, he could tell that there was a piece of concrete missing that had broken off the corner of the ramp. Mr. Goldman further testified that he gathered and threw away several smaller pieces of *670 concrete from the corner of the ramp where Mr. Henderson fell. Subsequently, Sutherland repaired the ramp by patching the corner with new concrete and restriped the edge of the ramp with yellow paint. This evidence clearly supports a finding that the edges of the ramp were deteriorated, that there were pieces breaking away from the ramp at the time Mr. Henderson fell and was injured and that Sutherland was aware of the condition of the ramp. Furthermore, it was undisputed that the repairs to the ramp were minor and inexpensive.
Moreover, implicit in its judgment, and within its wide discretion, was a credibility determination made by the trial court regarding the various descriptions, through Mr. Henderson's and Mr. Raspberry's testimony, of how the fall occurred. Our review of the record, in its entirety, supports the trial court's finding of fact and evaluations of credibility as reasonable. We cannot, therefore, say that the trial court's conclusion that the ramp presented an unreasonable risk of harm to Mr. Henderson was clearly wrong or manifestly erroneous.

Comparative Fault
Determination and apportionment of fault in negligence cases are factual matters, and the trial court's findings will not be disturbed by the reviewing court unless they are erroneous. Stephens v. Town of Jonesboro, 25,715, 25,716 (La. App.2d Cir.8/19/94), 642 So.2d 274, writ denied, 94-2351, 94-2557 (La.11/19/94), 646 So.2d 400; Keeth v. Department of Public Safety and Transportation, 618 So.2d 1154 (La.App. 2d Cir.1993), writ dismissed, 619 So.2d 563 (La.1993). The existence of negligence is a factual finding which cannot be reversed unless it is shown to be manifestly erroneous. Smith v. Jack Dyer & Associates, Inc., 633 So.2d 694 (La.App. 1st Cir.1993). See also Simmons v. West, 29,633 (La.App.2d Cir.6/18/97), 697 So.2d 688, writ denied, 97-2308 (La.11/26/97), 703 So.2d 647 (Ultimate issue of whether plaintiff has satisfied burden of proof is factual issue to be resolved by the trier of fact and will not be disturbed on appeal in the absence of manifest error.)
Mr. Henderson, according to Sutherland, should be assessed a portion of the fault under the theory of comparative negligence. In support of its position, Sutherland makes reference to Mr. Henderson's substance abuse problem and inconsistencies in the testimony regarding whether Mr. Henderson had been drinking on the day the accident occurred. Sutherland further submits that the admission of Mr. Henderson that he was talking with Mr. Raspberry, who was walking behind Mr. Henderson, as the two men descended the ramp, is proof that Mr. Henderson was not exercising ordinary care in looking where he was walking. The trial court, however, was "unable to find comparative fault on the part of Mr. Henderson." We find no manifest error in this finding.[2]
A review of the record discloses no evidence that Mr. Henderson had been drinking alcohol on the day of the accident. On the contrary, as noted by the trial court, "[Mr. Henderson] testified that he had nothing to drink that day; Mr. Raspberry with whom he had worked did not observe him drink; Mr. Goldman did not note the appearance or smell of alcohol consumption; and Willis Knighton Hospital records for that date do not indicate alcohol consumption." Any conflicting testimony on this issue was appropriately weighed by the trial court; and, absent a showing of manifest error, we will not disturb this finding.
Regarding the issue of whether or not Mr. Henderson exercised reasonable care in walking down the ramp, we note that the evidence of his alleged inattentiveness *671 is negligible at best. Mr. Henderson testified:
Q: Okay. And at the time that you fell, you and Mr. Raspberry were talking?
A: I can't recollect.
Q: All right. Turn to Page 61, Line 21 [of his deposition]:
"Question: Were you talking at the time to Mr. Raspberry?
"Answer: Pardon?
"Question: Were you talking at the time?
"Answer: Yes. We was talking." Was that your testimony? Pardon?
Was that your testimony?
A: Yes.
Q: Okay. And Mr. Raspberry was behind you?
A: Yes, he was.
While the trial court, in its opinion, did not address this testimony of Mr. Henderson regarding his conversing with Mr. Raspberry as they walked down the ramp, we cannot say the failure to specifically address this point renders the trial court's finding of no negligence clearly wrong.

CONCLUSION
For the reasons stated herein, the judgment of the trial court is affirmed and all costs are assessed to Plaintiff.
AFFIRMED.
PEATROSS, J., Per Curiam.
The opinion in this case incorrectly assessed costs of the appeal to Plaintiffs, Clinton Henderson, et al. Since we affirm the judgment of the trial court in favor of Plaintiffs, our opinion is amended to assess costs to Defendant, Sutherland's Lumber Company.
NOTES
[1] Article 2322 was subsequently amended in 1996.
[2] The trial court specifically found that Mr. Henderson was not comparatively at fault, i.e., that he was not negligent. Since we find no error in that finding, we do not reach the issue of allocation of fault and the application of the factors set forth in Watson v. State Farm, 469 So.2d 967 (La.1985).