WILLIAMS, J.
hThe plaintiffs, Wilkie Santos and Ashley Santos, individually and as parents of their minor child, Payten Santos, appeal a summary judgment in favor of the defendant, Dollar Mania, Inc. For the following reasons, we reverse and remand.
*702 FACTS
On July 18, 2013, while shopping for school uniforms with her three children, Ashley Santos went to a Dollar Mania store located in Bossier City. Ashley’s youngest daughter, Payten, was four years old at the time and weighed approximately 45 pounds. In the store, Payten and another child began playing with belts, which were displayed on five individual racks that were not tied together. The store security video shows that Payten first lifted several belts and let them go. Then she grabbed more belts, lifted them and let them go. At this point, the store video shows that the belt rack wobbled, but remained upright. Finally, the child gathered a larger number of belts in her arms, lifted them and then released them. The belt rack began falling and Payten raised her hands in an attempt to prevent the rack from tipping over. The rack fell on top of Payten and one of the belt hooks punctured her cheek.
The plaintiffs, Wilkie Santos and Ashley Santos, individually and as parents of their minor child, Payten Santos, filed a petition for damages against the defendant, Dollar Mania, Inc. Following discovery, the defendant filed a motion for summary judgment, along with the store video of the accident and an engineer’s report. The plaintiffs filed an opposition. After a hearing, the district court initially rendered a judgment that simply [2granted defendant’s motion for summary judgment. Subsequently, the district court rendered an amended judgment granting summary judgment in favor of the defendant and dismissing the plaintiffs’ claims. The plaintiffs appeal the amended judgment.
DISCUSSION
The plaintiffs contend the district court erred in granting summary judgment in favor of the defendant. Plaintiffs argue that summary judgment is not appropriate because an issue of material fact exists as to whether the defendant satisfied its duty to keep the premises reasonably safe.
A merchant owes a duty to persons using his premises to exercise reasonable care to keep his aisles and passageways in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. LSA-R.S. 9:2800.6(A). In a falling merchandise case, the plaintiff must prove that (1) he did not cause the merchandise to fall, (2) another customer in the aisle at that moment did not cause the merchandise to fall, and (3) the merchant’s negligence caused the accident. Davis v. Wal-Mart Stores, Inc., 00-0445 (La.11/28/00), 774 So.2d 84. The customer must show that either a store employee or another customer caused the merchandise to be in a precarious position subject to fall. Davis, supra; Stepherson v. Wal-Mart Stores, Inc., 34,547 (La App.2d Cir. 4/4/01), 785 So.2d 950.
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Argonaut Great Central Ins. Co. v. Hammett, 44,308 (La.App.2d Cir.6/3/09), 13 So.3d 1209, writ denied, 2009-1491 (La.10/2/09), 18 So.3d 122; Whitaker v. City of Bossier City, 35,972 (La.App.2d Cir.4/5/02), 813 So.2d 1269. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
The burden of proof remains with the mover. However, if the mover will not *703 bear the burden of proof at trial on the matter before the court, then the mover is not required to negate every essential element of the adverse party’s claim, action or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim or defense. If the adverse party fails to produce factual support to show that he will be able to satisfy his evidentiary burden of proof at trial, then there is no genuine issue of material fact. LSA-C.C.P. art. 966(C).
In the present case, the plaintiffs presented the deposition testimony of the defendant’s representative, Fadee Musa, who testified that when the belt racks were pushed together to save space, the store’s practice was to tie the racks to each other. Musa stated that the store employees used plastic cinch ties or wire to ' secure the racks together. Musa testified that it is very common for parents to bring their children into the store, particularly during the back-to-school shopping season, when the accident occurred.
Gregory Madison, a longtime employee of defendant, testified by Udeposition that he always tied the belt racks together for safety, stability and to make a neat appearance. When asked why, at the time of the incident, the belt racks had not been tied, together with cinch ties pursuant to defendant’s policy, Madison surmised that he must have been busy unloading a truck or working elsewhere and did not have a chance to secure the racks together. Madison testified that while working he often saw children in the store and had seen some of them playing with the belts on prior occasions.
In support of summary judgment, the defendant submitted the affidavit of Gary Fenner, an engineer, who testified that he had examined the belt rack involved in. the accident and a number of similar belt racks. Based on his examination, Fenner concluded that the belt rack at issue is designed to be a free standing structure and not attached to adjoining belt racks. He stated that the center of gravity (or “centroid”) of a .fully loaded belt rack is located at 2.75 inches from the center line so that the, rack is a stable structure. Based on his findings and review of the store surveillance video, Fenner opined that the accident occurred when the girl gathered a number of belts and brought them outward toward the front of the rack, shifting the center of gravity across the front legs of the rack and, causing the belt rack to fall. Fenner also prepared a report in which he calculated that based on an average weight of three pounds per 10 belts, approximately 60- pounds of force was required to - pull oyer a substantially full belt rack.
In his deposition, Fenner testified that when he examined the belt racks in the store after the accident, the racks were secure because they were tied. together. Fenner estimated the belt rack weighed approximately 144 Impounds when fully loaded as at the time of the accident. He initially stated that he believed the girl had fallen and was hanging onto the rack when it toppled onto her. After viewing the video again, Fenner acknowledged that the girl had not fallen, but had pulled a number of belts forward and that this movement of belts had destabilized the rack. Fenner opined that placing the belt racks back to back ahd tying them1 together would increase the rack’s footprint and increase its stability. He explained that expanding the footprint would increase the rack’s resistance to falling. Fenner testified that although the belt rack was not designed to be tied- to other belt racks, if defendant tied the racks together as a regular practice then such a measure would increase consumer safety. Fenner *704 opined that if the belt racks had been tied together before the accident, then the rack “probably wouldn’t have fallen” as a result of the child’s act of lifting the belts.
Defendant argues in brief' that because the girl pulled the belts, it cannot be liable, similar to the merchants in the cases of Retif v. Doe, 93-1104 (La.App. 4th Cir.2/11/94), 632 So.2d 405, writs denied, 94-1000 (La.6/17/94), 638 So.2d 1095, and Humphrey v. Wal-Mart Stores, Inc., 44,614 (La.App.2d Cir.8/19/09), 16 So.3d 1252. However, the factual ■ situation in each of those cases can be distinguished from that of the present case. In Retif, the court found there was no evidence that the merchant creáted the hazardous condition by loading the two 10-pound bags of soil in the shopping cart and leaving the cart unattended. In Humphrey, the court noted that the shopper did not know what caused the bottles to fall from the shelf. Here, in contrast, there is no dispute that defendant placed the belts [fion the rack and plaintiff presented evidence indicating that the belt rack was less stable because the defendant did not follow its usual practice of tying the racks together.
Defendant also asserts that the child’s act was unusual and could not be foreseen because no other belt rack had ever fallen in the store. Contrary to defendant’s assertion, the deposition, testimony shows that store employees had. seen children playing, with the belt display in the store on previous occasions. In addition, one could conclude that no belt racks had fallen previously because they had been tied together prior to this accident.
In King v. Toys “R” Us-Delaware, Inc., 35,461 (La.App.2d Cir.1/23/02), 806 So.2d 969, a 5-year-old child was injured in a store when an easel fell from a shelf. The trial court found that the merchant was not liable because the child caused the easel to fall by hanging on the shelf. This court reversed, finding that even if the child shook the shelf, the store’s employees had created a hazardous condition by placing the toy in a precarious position.
Similarly in this case, even though the child lifted a number of belts, the plaintiffs produced evidence that the belt display was unstable because of the defendant’s failure to tie the racks together, a condition which could have been easily remedied. Musa testified that the store’s practice was to tie the belt racks to each other when they were pushed together. Madison explained that his practice was to always tie the belt racks together for safety, stability and to make a neat appearance. .At the time of the incident, contrary to defendant’s policy, the racks were not tied together with cinch |7ties. Gary Fenner agreed that the cost of such a measure is not significant and would increase the stability of the racks.
Based upon this record, the plaintiffs produced sufficient evidence to create a genuine issue of material fact as to .whether defendant exercised reasonable care in failing to stabilize the belt racks and whether the child acted in a manner that was or should have been anticipated by the store, given the defendant’s awareness that children in the store would likely play with or pull the belts hanging on the rack. Thus, the factfinder will be required to determine whether the unstable belt rack created an unreasonably dangerous condition which was a causé of the accident, Conseqüently, we conclude that the district court erred in granting the defendant’s motion for summary judgment.
' CONCLUSION
For the foregoing reasons, the district court’s amended judgment is reversed and this matter is remanded for further pro *705 ceedings. Costs of .-this appeal are assessed to the appellee, Dollar Mania, Inc.
REVERSED AND REMANDED.
BROWN, C.J., dissents for the reasons assigned by CARAWAY, J. ■
CARAWAY, J., dissents with written reasons.