LOTTINGER, Judge.
This is a quo warranto proceeding wherein judgment is sought ordering the defendant to cease and desist from his alleged usurpation of the office of pastor of the plaintiff church. The petition was filed on March 6, 1958, and on the same day an order was signed by the district judge ordering that a writ of quo warranto issue as prayed for and further ordering the defendant to make his answer in writing thereto on March 10,1958 at 10 o’clock A.M.
On March 12, 1958 defendant appeared through counsel, first filing exceptions of no cause and no right of action and then an answer. It appears from the minutes that the exceptions were overruled on the same day and the case assigned for hearing on March 24, 1958. The matter was passed on March 24th and reassigned for March 25, 1958. On the latter date plaintiff’s counsel filed a motion for judgment on the face of the pleadings averring that under the allegations of the petition, the admissions of the answer, and the failure of the defendant to set forth in his answer under what authority he exercised the office, the plaintiff was entitled to the judgment prayed for. After hearing the motion judgment was rendered in favor of plaintiff as prayed for and the matter is now before us on an appeal taken by the defendant.
The judgment appealed from is undoubtedly correct, for the answer of the defendant was neither timely filed nor did it state the authority under which he exercised the office as required by Articles 869 and 870 of the Code of Practice. Apparently realizing this, appellant’s present counsel have filed in this Court a motion to remand, the basis of which is that, due to lack of ability on the part of counsel who represented appellant in the court below, the answer failed to allege facts which showed defendant’s right to the office even though such evidence existed then and exists now. We are urged, therefore, to proceed under Article 906 of the Code of Practice and to remand the case to allow the filing of additional pleadings and the taking of evidence.
Counsel for appellant has cited no authority and, indeed we know of none, which would warrant our applying the provisions of Article 906 of the Code of Practice under a set of facts as here presented. While it may well be true that *758 facts exist which, if they had been timely presented, would have ultimately resulted in a judgment favorable to the defendant, as just stated, we know of no authority which would authorize us to remand the matter at this stage of the proceedings. Counsel for appellant contends that the latter has not had his day in court, but the fact of the matter is that he did. After having been duly served he engaged counsel who filed pleadings and appeared on his behalf. As pointed out previously, from the record as made up, the ruling of the trial judge was eminently correct and for us to remand the matter because of the inadvertence or inability of appellant’s original counsel would have the effect of granting to him more than his day in court and more than the law allows.
For the reasons assigned the motion to remand is denied and the judgment appealed from is affirmed.
Judgment affirmed.