HAMLIN, Justice:
Limited certiorari was directed to the Court of Appeal, First Circuit, in order that we might review that part of its judgment *916 which remanded the present matter to the trial court for further proceedings. Art. VII, Sec. 11, La.Const. of 1921; 198 So.2d 693; 250 La. 985, 200 So.2d 667.
The record discloses that on July 27, 1966, Citizens Finance Company of Hammond, Inc. (hereinafter referred to as Citizens) filed a petition for alternative v/rits of mandamus in the Nineteenth Judicial District Court. It alleged that Citizens liad applied to Honorable A. Clayton James, Louisiana State Bank Commissioner, (hereinafter referred to as the Commissioner) for the issuance of a small loan license,[1] and that despite the fact that Citizens had complied with all legal requirements (LSA-R.S. 6:571 et seq), it had been arbitrarily denied a license without probable cause. The prayer of plaintiff’s petition requested that a rule nisi for alternative writs of mandamus issue and be directed to the Commissioner ordering him to issue Citizens a small loan license or show cause why the the license should not be granted.
Attached to plaintiff’s petition was an order for alternative writs of mandamus. The record reflects that this order was not signed by the trial judge; it is struck with an “X” mark. The following order issued:
“It is ordered and decreed that a rule issue directed to and against Hon. A. Clayton James, Louisiana State Bank Commissioner for him to show cause if any he can on the 29th day of August, 1966 at 10:00 A.M. at the Courthouse in Baton Rouge, Louisiana why a peremptory writ of mandamus should not issue ordering and commanding him as Louisiana State Bank Commissioner to issue to petitioner a small loan license as prayed for and according to law.”
The Commissioner’s answers to written-interrogatories propounded to him set forth that Citizens did apply for a small loan license, and that the application was completed upon request of the Commissioner. The answers also stated that small loan licenses were not issued when there was no need for additional licenses, and that the Commissioner planned to issue a small loan license to Citizens should further economic developments warrant same.
The Commissioner did not file a written answer to Citizens’ petition, but on the day of trial of the rule to show cause, September 13, 1966, he appeared with counsel and testified with respect to the demands of Citizens. The following colloquy transpired before his testimony was adduced:
“THE COURT: All right. Mr. Bridge-man, do you want to offer evidence?
“MR. BRIDGEMAN: Yes, sir, I would, Your Honor.
*918 “THE COURT: I don’t know, now, I have not seen the answers to interrogatories, and it might be possible that you would want to rest on your answers to those interrogatories. I don’t know.
“MR. BRIDGEMAN: No, sir, we don’t. We’d like to set forth some information.
“THE COURT: All right. You may do so.
“MR. BRIDGEMAN: Thank you, Your Honor. Mr. James, would you take the stand, please.
“MR. PONDER: If Your Honor please, just for the purpose of the record, we would like to object to the introduction of the verbal testimony at this time.
“THE COURT: On what grounds, Mr. Ponder ?
“MR. PONDER: On the grounds that we were not apprized in advance by the appropriate pleadings or statement as to the extent of the testimony sought to be adduced from this witness.
“THE COURT: Well, I’m going to overrule the objection. I think in a proceeding of this kind a respondent can file pleadings on the day of the hearing, if he so desires, or he can refrain from filing any pleadings. He is ordered to show cause and I believe that he can show cause by the giving of testimony or other evidence.
“MR. PONDER: Yes. sir.
“THE COURT: You may be right sir, but I think that we are obliged to hear the Commissioner, and let the record ■ show that the objection is overruled.”
Counsel for Citizens cross-examined the Commissioner, and he also offered extensive testimony as to why Citizens should be granted a small loan license.
The trial judge found, September 13, 1966, that under Paragraph 2, Subsection B of LSA-R.S. 6:575,[2] the Commissioner was vested with discretion to either grant or deny a small loan license. In his reasons for judgment he stated:
“This probably has no proper place in my reasons for judgment here, but I know and it has been generally known all through the years since we have had a small loan law in Louisiana that it is' strictly a creature of the Legislature and that it must be strictly administered by the State Bank Commissioner, and that carries with it necessarily the exercise of some discretion.
“Since I do not find that the Commissioner has abused his discretion in refusing to grant this license, the alternative writ of mandamus is recalled and *920 vacated, and relator s demands are dismissed.”
Judgment dismissing Citizens’ demands for peremptory writs of mandamus was rendered on September 13, 1966, and read and.signed on September 23, 1966.
. On appeal, the Court of Appeal found that since the Commissioner filed no answer to Citizens’ petition, no issue had been joined between the parties and the matter was not properly before it at the time; it based its finding on LSA-C.C.P. Article 2593 and 3783. It reversed the judgment of the trial court and remanded the matter for further proceedings.
Our consideration is limited to a determination of whether the Court of Appeal properly remanded the case.
Mandamus is a summary proceeding, and Article 2593 of LSA-C.C.P. provides that a summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause. The Article further provides that an answer is not required, except as otherwise provided by law. Article 3783 of LSA-C.C.P. states that a written answer to a petition for a writ shall be filed not later than the time fixed for the hearing.
Ordinarily, the respondent in a mandamus proceeding files an answer, and this answer must contain a full written defense. Lambert v. LaBruyere, La.App., 154 So.2d 466. Also, if he answers, he must file his answer timely. Cf. State ex rel Mount Herman Baptist Church of Baton Rouge, Inc. v. Robertson, La.App., 106 So.2d 756.
Herein, citation was not prayed for, and citation did not issue. The Commissioner was not commanded or ordered to answer in writing ;[3] he was directed by order, supra, to show cause why the peremptory writ of mandamus prayed for by Citizens should not issue. See, LSA-C.C.P. Articles 2594,[4] 2595, 2596. As stated supra, on the day of trial of the rule, the Commissioner appeared in person accompanied by counsel. He showed cause as to why he thought that Citizens should not be granted a small loan license.
Under the circumstances of the instant case, we find that the trial judge was correct in his ruling concerning the hearing of evidence without a written answer being filed. Having heard evidence, he was correct in rendering judgment thereon.
*922 The Court of Appeal had the whole case before it and was in a position to determine whether Citizens was entitled to the issuance of a small loan license, or, whether the Commissioner had exercised proper discretion in his denial of the license. We are therefore constrained to remand this matter to the Court of Appeal for its decision ón the merits.
For the reasons assigned, the judgment of the Court of Appeal, First Circuit, is reversed and set aside. It is now ordered and decreed that this matter be remanded to the Court of Appeal, First Circuit, for its decision on the facts consistent with law and the views herein expressed. Costs to await the final determination of this cause. .
SANDERS, J., concurs in the result.

. In answer to interrogatories propounded to him, the ,C°mmissioner anwered that his office had received Citizens’' application for a small loan license on/or about February 9, 1965, and that it was filed on December 20, 1965.

. Paragraph 2, Subsection B of LSA-B..S. 6:575, provides that the licensing official, the Commissioner, shall grant a small loan license if he finds that allowing an applicant to engage in business will promote the convenience and advantage of the community in which the licensed office is to be located.

. There is nothing in LSA-C.C.P. Article , 3783 requiring a defendant to file a written answer.

. “Citation and service thereof are not necessary in a summary proceeding. A copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any order of court assigning the date and hour of the trial thereof, shall be served upon the defendant.” Art. 2594, LSA-C.C.P.