CRAIN, Judge.
The Louisiana Commissioner of Agriculture publishes the Louisiana Timber Products-Quarterly Market Report. This report purports to give a price index for lumber sold in certain designated regions in Louisiana. Since 1967, T.L. James and Company, Inc. has had a contract to sell timber the price of which is based on the price index contained in the Quarterly Market Report for area three of Louisiana. In 1984, T.L. James requested that it be provided with the data on which the price index contained in the Quarterly Market Report is based. Some information was furnished, additional information was requested, and finally all further information was denied based upon the Commissioner’s conclusion that Federal law prohibited the disclosure of the requested information. *1211 By letter dated January 5, 1988, formal request for the information was then made by T.L. James pursuant to the Louisiana Public Records Law, La.R.S. 44:31 et seq. When the information still was not furnished this mandamus proceeding was filed. The trial court rendered a judgment in favor of T.L. James ordering the Commissioner to furnish specified information, granting T.L. James attorney fees and costs, and reserving to them the right to proceed further for damages under La.R.S. 44:35. The Commissioner appeals citing as error the failure of the trial court to find that the data requested is required to be kept confidential by 7 U.S.C. § 2276, and the granting of $4500 in attorney fees and costs of the proceeding.
PROCEEDINGS BELOW
Appellant asserts in brief that on the day of the hearing, appellant filed an exception of no cause of action and an answer to the petition for mandamus. The trial court took no action on the exception of no cause of action and rendered judgment on the merits of the rule. We have searched the record filed in this court and have requested the clerk’s office of the 19th Judicial District Court to do the same and we find no answer to the mandamus petition. The minutes do not reflect an answer was filed.
La.C.C.P. art. 3783 requires an answer to a petition for mandamus. However, La. C.C.P. art. 2594 does not require citation and service of citation in a summary proceeding. Where citation does not issue no answer is required regardless of La.C.C.P. art. 3783. State ex. rel. Citizens Finance Co. of Hammond v. James, 251 La. 913, 207 So.2d 389 (1968). The record does not reflect the issuance of citation in this case.
The peremptory exception filed before answer is required to be tried and decided prior to the trial. La.C.C.P. art. 929. The Commissioner filed a peremptory exception raising the objection of no cause of action. Since there is no answer this exception was filed before answer. Consequently, it should have been disposed of prior to disposition of the rule on the merits. However, we must assume the trial court referred the objection to the merits although no mention was made thereof. In spite of the mandatory language of La.C. C.P. art. 929, this practice is not prohibited. Knighten v. Knighten, 447 So.2d 534 (La.App. 2d Cir.), writ denied, 448 So.2d 1303 (1984); art. 929, Comment(b). Therefore, in spite of the procedural deficiencies we will proceed to review the matter in its entirety.
OBJECTION OF NO CAUSE OF ACTION
A peremptory exception raising the objection of no cause of action must be decided on the basis of the plaintiffs pleadings assuming the correctness of the allegations made therein. La.C.C.P. art. 931; Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir.1980). Plaintiffs petition alleges that plaintiff requested from the Commissioner alleged public records in custody of the Commissioner pursuant to La. R.S. 44:1, et seq; the Public Records Law. It is further alleged that plaintiff was denied access to these records. Consequently, a suit for mandamus was brought pursuant to La.R.S. 44:35. Accepting the allegations of plaintiffs petition as true a cause of action under La.R.S. 44:35 is asserted.
MANDAMUS
When inspection or copying of public documents is denied by the custodian of those documents, either by a rejection by the custodian in writing or by the lapse of five days from the request without a determination in writing by the custodian to allow or not allow access, the party making the request “may institute proceedings for the issuance of a writ of mandamus, injunc-tive or declaratory relief, together with attorney fees, costs and damages_” La. R.S. 44:35(A). “(T)he burden is on the custodian to sustain his action.” La.R.S. 44:35(B). In defense of the mandamus proceeding the Commissioner introduced only a copy of 7 U.S.C. § 2276, claiming the Commissioner is prohibited by federal law from disclosing the requested. information *1212 even if the documentation requested would otherwise be a public record under Louisiana law. No other evidence was introduced. Consequently, we are left only with the language of 7 U.S.C. § 2276 in determining the correctness of the Commissioner’s position. With only the wording of the federal law we find the Commissioner’s position to be incorrect in two respects. First, 7 U.S.C. § 1622(g) provides that the information collected by the Secretary of Agriculture which is to be kept confidential is marketing information with reference to agricultural products. We have no evidence that agricultural products is to include timber. Also, we do not have evidence to show that the information generated by the Commissioner with reference to timber is being collected for the Secretary of Agriculture pursuant to 7 U.S.C. § 1622.
Secondly, even if we assume the applicability of 7 U.S.C. § 1622 to the timber marketing information being developed by the Commissioner for the Quarterly Report, we find that 7 U.S.C. § 1622 does not prohibit furnishing information requested in this mandamus proceeding. 7 U.S.C. § 1622 prohibits disclosing the identification of the person who supplied the information but allows the disclosure of information transferred into statistical or aggregate form that does not identify the person supplying the information. Basically, plaintiff requests the documentation used in calculating timber prices, “excluding, however, the names or identities of the persons, firms or corporations providing such information or data.” The order issued by the trial judge contains the same limiting language. Our examination of the questionnaire requested reveals that omitting the name of the person or corporation supplying the information, the only information furnished will be the area from which the questionnaire is received and the raw statistical data on the volume of timber sold and the average price per board feet. This is nothing more than furnishing statistical data which is not prohibited by 7 U.S.C. § 1622. We affirm the judgment of the trial court ordering the disclosure of the information outlined in the judgment.
ATTORNEY FEES, COST AND DAMAGES
In allowing attorney fees the trial judge did no more than is authorized by La.R.S. 44:35(A). We do find the granting of attorney fees discretionary rather than mandatory since the information originally requested from the Commissioner in plaintiff’s January 5, 1988 letter, is different from that allowed by the judgment, the latter omitting identification of the party supplying the information. However, the award is clearly discretionary and we find no abuse of discretion. There is also no error in reserving the right to proceed for damages under La.R.S. 44:35(E) if the evidence warrants. The record does not support damages for a frivolous appeal requested in plaintiff’s answer of the appeal.
The judgment of the trial court is affirmed, all costs to be paid by appellant.
AFFIRMED.