laHILLARY J. CRAIN, Judge Pro Tem.
Certiorari was granted in this matter in connection with a writ application concerning exceptions filed in the district court. Our review of the record after granting the writ, discloses that part of the suit is for damages pursuant to La.C.C. art. 2315 and 42 U.S.C. § 1983. Various exceptions, including an exception raising the objection of no cause of action, were filed to the original, and the first and second supplemental and amending petitions, by Lt. Marcal Poullard and the State of Louisiana, on December 29, 1994. On March 2, 1995, the district judge overruled all exceptions, including part of the exception of no cause of action. That exception was overruled, “except insofar as the issue of immunity was raised. This court will take said exception of no cause of action raised on the basis of immunity under advisement and arrive at a ruling after a trial on the merits herein.” On March 13, 1995, answer was filed to the second supplemental and amending petition by the State and Lt. Poullard.
The second supplemental and amending petition contained the damage suit to which the peremptory exception raising the objection of no cause of action based on immunity, was filed.
A writ application was taken to this court. The application set forth the question presented for review as follows:
Did the Trial Court err when denying the Exception of No Cause of Action urged by the State of Louisiana and Lt. Marcal Poullard despite said defendants’ non-liability for damages to the plaintiffs as a matter of law pursuant to the jurisprudential doctrines of absolute immunity and qualified immunity, and the policy making or discretionary acts defense provided by La.R.S. 9:2798.1? [Emphasis added.]
A review of the complete record discloses that the ruling complained of was never made. The trial judge did not deny the exception of no cause of action based on immunity. Rather, the exception was taken under advisement. Consequently, there is no ruling on the merits of the exception for this Court to review.
The peremptory exception raising the objection of no cause of action was filed prior to answer. Louisiana Code of Civil Procedure article 929(A) provides: “The dec-linatory exception, the dilatory exception, and the peremptory exception when pleaded before answer, shall be tried and decided in advance of the trial of the case.” In spite of the mandatory language of this article, referring the peremptory exception to the merits has been upheld as being within the trial courts discretion. T.L. James & Company, Inc. v. Odom, 558 So.2d 1209 (La.App. 1st Cir.1990); Knighten v. Knighten, 447 So.2d 534 (La.App. 2d Cir.1984). However, where it is clearly in the interest of judicial time and economy to dispose of the peremptory exception, the trial court has been required to decide the exception prior to trial. Cheramie v. Vegas, 385 So.2d 453 (La.App. 1st Cir.1980). Comment (b) under La.C.C.P. art. 929 notes there is still discretion in the trial court to refer a peremptory exception to *182 the merits. However, this has reference to the trial of the exception. No evidence can be taken on the peremptory exception which raises the objection of no cause of action. La.C.C.P. art. 981. Consequently, there is no reason to refer it to the merits to await the taking of evidence. Additionally, however, the exception here has been “tried” and simply taken under advisement. We determine that it is in the interest of judicial time and economy for the trial court to dispose of the peremptory exception raising the objection of no cause of action, prior to trial.

DECREE

The application for writ of certiorari is granted, and the trial judge is ordered to decide the peremptory exception raising the objection of no cause of action, previously taken under advisement, as expeditiously as possible, prior to a trial on the merits.
Respondent in writ is to pay all costs of this writ application.
WRIT GRANTED and ORDER ISSUED.