STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0337

ROBERT HARRIS

VERSUS

TRACTOR SUPPLY COMPANY

Judgment Rendered: __OCT 3 0 2023__

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of Washington
State of Louisiana
No. 115146, Division I

The Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * *

John S. Alford                     Attorneys for Plaintiff/Appellant
Chad D. Lederman                   Robert Harris
Blair B. Alford
Blake R. David
Covington, Louisiana

Brett Michael Bollinger            Attorneys for Defendant/Appellee
Jeffrey E. McDonald                Tractor Supply Company
L. Peter Englande, Jr.
Jeremy H. Call
Covington, Louisiana

* * * * *

**BEFORE: WELCH, HOLDRIDGE, AND WOLFE, JJ.**

Wolfe, J. concurs.

**HOLDRIDGE, J.**

The plaintiff, Robert Harris, appeals a trial court judgment granting a motion for summary judgment in favor of the defendant, Tractor Supply Company, dismissing the plaintiff's claims with prejudice. For the reasons that follow, we reverse and remand to the trial court.

## FACTS AND PROCEDURAL HISTORY

The plaintiff filed a petition for damages against the defendant alleging that on January 11, 2020, the plaintiff was a customer at a Tractor Supply Company store located in Franklinton, Louisiana.[1] The plaintiff was searching for a saddle rack with his daughter and girlfriend. The only available saddle rack was in a box placed on the top shelf. While attempting to see the price of the saddle rack, the plaintiff's hand touched the box, and the box fell off of the top shelf striking him in the head. As a result of the accident, the plaintiff was injured. He alleged that he sustained damages due to the defendant's negligence. Approximately one week later, after learning of the severity of his injury, the plaintiff reported the accident to the defendant.[2]

The defendant answered the plaintiff's petition for damages, generally denying all of the plaintiff's allegations, and filed a peremptory exception raising the objection of no cause of action.[3] On October 28, 2021, the defendant filed a

---

[1] The record on appeal does not provide the date the plaintiff's petition for damages petition for damages was filed; however, the parties' briefs state that it was filed on October 20, 2020.

[2] On January 23, 2020, the plaintiff had a prescheduled visit with the Veterans Affairs (V.A.) hospital, before the accident occurred at the defendant's store, for his previous neck pain. The plaintiff was going to the V.A. to have a shot in his neck to alleviate the pain. The physician at the V.A. did a neurological test and told him that he had a spinal cord injury and needed to go to the emergency room. A few months later, the plaintiff had a three-level spinal fusion.

[3] The defendant's exception failed to comply with La. Dist. Ct. Rule 9.8(a) "All exceptions ..., including those incorporated into an answer, shall be accompanied by a proposed order requesting that the exception ... be set for hearing.") and La. Dist. Ct. Rule 9.9(b) ("When a party files an exception ..., that party shall concurrently furnish the trial judge and serve on all other parties a supporting memorandum that cites both the relevant facts and applicable law.").

2

motion for summary judgment against the plaintiff alleging that he could not meet his burden of proof in this matter. The defendant argued that the plaintiff could not prove that he did not cause the saddle rack box to fall nor could he prove that the defendant's negligence caused the box to be in a position that it would eventually fall. Therefore, the defendant argued that the plaintiff could not prove that the saddle rack box presented an unreasonable risk of harm.

On June 27, 2022, the defendant filed an *ex parte* motion to withdraw his motion for summary judgment. The defendant stated that he intended to file another motion for summary judgment with additional evidence. On July 7, 2022, the trial court issued an order granting the defendant's motion.

On June 27, 2022, the defendant filed a second motion for summary judgment. The defendant filed a statement of uncontested facts in support of his motion for summary judgment, stating the following:

1. [The] [p]laintiff allege[d] that he entered a Tractor Supply Company store in search of a saddle rack, he discovered that the saddle racks were stored on a top shelf above his head, and a saddle rack box fell on his head when he attempted to manipulate it.

2. [The] [p]laintiff testified that he manipulated the box just before it fell on him, the box did not fall until he touched it, and the box was stable and not moving before he touched it.

3. [The] [p]laintiff described that he could not reach the box without getting on [his] tippy toes or climbing on the rack.

4. [The] [p]laintiff did not report the incident or any injury to Tractor Supply Company for over two weeks.

5. Tractor Supply Company employees are required to display items according to a corporate planogram, and the saddle rack box at issue [was] required to be displayed on the top shelf.

6. The Tractor Supply Company store had about 50-100 signs posted throughout the store advising customers to ask for assistance with items from the top shelf, and these signs would have been in the aisle with the saddle rack.

7. Tractor Supply Company employees inspect[ed] the store before opening, at closing, and multiple times throughout the day.

3

8. The Tractor Supply Company store had no prior notice of an issue with the display of saddle racks and no report of merchandise falling off a shelf and striking a customer aside from the incident alleged in this matter.

9. The stocking of the subject saddle rack in the location it was displayed at the time of the subject accident was not in violation of corporate policy.
[Internal quotation marks and record citations omitted.]

In further support of his summary judgment, the defendant filed a memorandum that stated the deposition testimonies of the plaintiff, as well as Bridgitte Smith and Nakita Massana, the Tractor Supply Company managers, established that the plaintiff could not meet his burden of proof at trial under La. C.C.P. art. 966. The defendant attached several exhibits to his memorandum, which included: (1) his petition for damages; (2) the deposition of Robert Harris; (3) the deposition of Bridgitte Smith; (4) the deposition of Nakita Massana; and (5) the affidavit of Darryl Haynes, the district manager of Tractor Supply Company. In sum, the defendant argued that its evidence established that summary judgment should be granted in its favor because the plaintiff admittedly proved that he could not meet the first prong of the burden of proof for prevailing in a falling merchandise case. See Davis v. Wal-Mart Stores, Inc., 2000-0445 (La. 11/28/00), 774 So.2d 84, 90.

On August 31, 2022, the plaintiff filed a memorandum opposing the defendant's motion for summary judgment, arguing that there existed a genuine issue of material fact as to whether he caused the box to fall, or whether the defendant's negligence caused the box to fall. In support of his argument, the plaintiff submitted with his memorandum the affidavit of expert Gary White, a retail consultant. Mr. White opined that the defendant "made little effort to solve and manage [the] unsafe condition in [its] store." Mr. White further opined that because the saddle rack box, which was over 40 pounds in weight, was improperly placed on the shelf, this accident was inevitable.

4

The plaintiff also submitted with his memorandum his deposition, as well as the deposition of Ms. Smith, the defendant's store manager, and an excerpt of the deposition of Ms. Massana, the other store manager for the defendant. In her deposition, Ms. Smith confirmed that the saddle rack box that fell on the plaintiff was stored on the top shelf at the store and weighed approximately 42.9 pounds. Ms. Smith further confirmed that it was in violation of the defendant's store policy to store the saddle rack box on the top shelf. Ms. Smith did not remember if any assistance signs were on the aisle of the saddle rack box on the day of the accident.

On September 12, 2022, the defendant filed a motion *in limine* to exclude the testimony of Mr. White. That same day, the defendant also filed a reply memorandum in support of its motion for summary judgment. On September 15, 2022, the trial court held a hearing on the defendant's motion for summary judgment and motion *in limine*. After hearing arguments from counsel for both parties, the trial court granted the defendant's motion for summary judgment and dismissed the plaintiff's claims with prejudice. In his oral ruling, the trial court judge stated, in pertinent part:

> Let me just say, first of all, let the entire record come into evidence, including any exhibits attached thereto including depositions.
>
> I tell you, on one hand I think [the defendant] has a really good argument that summary judgment should be granted because [the] plaintiff is going to be unable to meet their burden of proof, that their client, the plaintiff, did not touch the merchandise, no matter what his purpose might have been.
>
> ****
>
> I think the facts of this case muddied it up that it puts it into a question of comparative fault, which the Courts are also clear that's an issue for the trier of fact.
>
> ****
>
> It's undisputed that the box didn't fall until somebody touched it and that person was him. But I guess there's a little question out there, [w]as it negligently placed up there, did they violate their policy, was it hanging over a little bit like he says it was?
>
> So there's a possibility he might be found 95 percent at fault in this. And I'd like to put it to rest for you. Like I said before, the plaintiff

5

> is not going to be able to meet their burden of proof. They're not going to be able to get that first prong. ... He already admitted he did.
>
> ****
>
> I'm going to find there is no genuine issue of fact, that plaintiff cannot meet [his] burden of proof in this matter on that first prong. Their client admitted he touched the box and for whatever reason I think that's fatal to his cause of action.

In ruling on the motion *in limine*, the trial court stated "I'm just going to [pretermit] on that. I think it was not timely filed and/or premature." The trial court signed a judgment in accordance with its oral ruling on October 6, 2022. The plaintiff subsequently appealed the judgment.

## APPLICABLE LAW

Appellate courts review the granting of a summary judgment *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate, *i.e.,* whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.[4] See La. C.C.P. art. 966(A)(3); Lucas v. Maison Insurance Co., 2021-1401 (La. App. 1 Cir. 12/22/22), 358 So.3d 76, 83-84; Turner v. Rabalais, 2017-0741 (La. App. 1 Cir. 12/21/17), 240 So.3d 251, 255, writ denied, 2018-0123 (La. 3/9/18), 237 So.3d 1193.

The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. See La. C.C.P. art. 966(A)(2). The purpose of a motion for summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. Hines v. Garrett, 2004-0806 (La. 6/25/04), 876 So.2d 764, 769 (*per curiam*). After an adequate opportunity for discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled

---

[4] Although the Legislature recently amended La. C.C.P. art. 966, those amendments are not applicable to the instant appeal. See 2023 La. Acts No. 317, § 1 (eff. Aug. 1, 2023), and 2023 La. Acts No. 368, § 1 (eff. Aug. 1, 2023).

6

to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4).

On a motion for summary judgment, the initial burden of proof is on the mover. See La. C.C.P. art. 966(D)(1); Lucas, 358 So.3d at 84. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, after meeting its initial burden of showing that there are no genuine issues of material fact, the mover may point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, summary judgment shall be granted unless the adverse party can produce factual evidence sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1); Lucas, 358 So.3d at 84.

The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider. See La. C.C.P. art. 966(D)(2).

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether there is a genuine issue of material fact. Collins v.

7

Franciscan Missionaries of Our Lady Health System, Inc., 2019-0577 (La. App. 1 Cir. 2/21/20), 298 So.3d 191, 194, writ denied, 2020-00480 (La. 6/22/20), 297 So.3d 773. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate. Farrell v. Circle K Stores, Inc., 2022-00849 (La. 3/17/23), 359 So.3d 467, 478; Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 751. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Smith, 639 So.2d at 751.

## DISCUSSION

In this case, the defendant filed a peremptory exception raising the objection of no cause of action in its answer to the plaintiff's petition for damages. Louisiana Code of Civil Procedure article 929 provides, in pertinent part:

> A. The declinatory exception, the dilatory exception, and the peremptory exception when pleaded before or in the answer shall be tried and decided in advance of the trial of the case.
>
> B. If the peremptory exception has been filed ... prior to the trial of the case, it shall be tried and disposed of either in advance of or on the trial of the case.

District Court Rules 9.8(a) states, in pertinent part:

> All exceptions and motions, including those incorporated into an answer, shall be accompanied by a proposed order requesting that the exception or motion be set for hearing. If the exceptor or mover fails to comply with this requirement, the court may strike the exception or motion, may set the matter for hearing on its own motion, or take other action as the court deems appropriate. To assist the court in scheduling the hearing, the exception or motion, and any opposition thereto, shall state: (1) whether or not the case is set for trial and, if so, the trial date; and (2) whether testimony will be offered at the hearing.

The record reveals that the defendant's peremptory exception raising the objection of no cause of action was not stricken by the trial court, nor was it set for a hearing or tried prior to or at the time of the trial court's consideration of the

8

defendant's motion for summary judgment. It is clear from our review of the record that the trial court failed to consider and rule on the defendant's peremptory exception raising the objection of no cause of action prior to ruling on the defendant's motion for summary judgment.

We must decide if the trial court erred in failing to conduct a hearing on the defendant's exception prior to the hearing on the merits of defendant's motion for summary judgment as mandated by La. C.C.P. art. 929(A) and (B). In <u>Division of Administration, Office of Community Development - Disaster Recovery Unit v. Stewart</u>, 2022-0574 (La. App. 1 Cir. 12/15/22), 357 So.3d 407, 413, the plaintiff filed a motion for summary judgment after the defendants filed their answer. Before the hearing on the plaintiff's motion for summary judgment, the defendants filed peremptory exceptions. This Court found that because the defendants filed their peremptory exception after they filed their answer, the trial court was required by La. C.C.P. art. 929(B) to rule on the peremptory exceptions prior to or at the hearing on the merits of the plaintiff's motion for summary judgment. <u>See also</u> <u>Tanner v. Morgan</u>, 2018-1719 (La. App. 1 Cir. 7/10/19), 280 So.3d 1237, 1239 (The plaintiff asserted peremptory exceptions of no cause of action and no right of action in his answer; this Court found that the trial court erred in failing to conduct a hearing on the exceptions prior to the hearing on the merits of the plaintiffs-in-reconvention motion for partial summary judgment as mandated by La. C.C.P. art. 929(A)). It is clear that in cases where a party files an exception and the opposite party files a motion for summary judgment, La. C.C.P. art. 929(A) mandates that a hearing on the exception must be held prior to a hearing on the motion for summary judgment. However, in this case, the same party filed an exception and a motion for summary judgment. Since the trial court granted the motion for summary judgment, the exception is denied and waived by that party. <u>See</u> <u>Stewart</u>, 357 So.3d at 412;

9

Lambert v. Riverboat Gaming Enforcement Div., Office of State Police, Dep't of Public Safety, State of La., 95-0872 (La. App. 1 Cir. 12/15/95), 665 So.2d 180, 181. Therefore, we must decide if the trial court properly granted the defendant's motion for summary judgment.

Under La. C.C.P. art. 966(D)(1), the burden of proof in a motion for summary judgment "rests with the mover." We find that the defendant in this case met its initial burden through the depositions and exhibits that it filed with its motion for summary judgment. Jeandron v. Cenac, 2022-1158 (La. App. 1 Cir. 4/14/23), 365 So.3d 851, 856. The uncontested evidence shows that the saddle rack box was stored on a top-shelf in the store and that the box did not fall until the plaintiff touched it. Clearly, the defendant has established sufficient uncontested facts to carry its initial burden under La. C.C.P. art. 966(D)(1).

Louisiana Code of Civil Procedure article 966(D)(1) further states that the defendant's burden does not require him to negate all essential elements of the adverse party's claim, which in this case is the question as to what caused the saddle rack box to fall from the top shelf. Essential elements of the plaintiff's claim consist of whether the actions of the plaintiff, the actions of the defendant, or a combination of the actions of both parties caused the accident to occur. At trial, it will be the plaintiff's burden to prove that he was not solely responsible for the saddle rack box falling and that the negligence of the defendant contributed to the fall. The defendant has pointed out and alleged that the plaintiff has insufficient evidence to prove that he was not solely responsible for the saddle rack box falling or that the defendant was negligent in causing the saddle rack box to fall. The burden now shifts under La. C.C.P. art. 966(D)(1) to the plaintiff to produce factual support sufficient to establish a genuine issue of material fact that the defendant's negligence was a cause of the merchandise falling. If the plaintiff is unable to meet his burden then summary

10

judgment in favor of the defendant is mandated by La. C.C.P. art. 966. <u>See Thi Ngo v. Walmart Inc.</u>, 2020-71 (La. App. 5 Cir. 10/5/20), 304 So.3d 593, 594, <u>writ denied</u>, 2020-01279 (La. 1/12/21), 308 So.3d 709.

In deciding the issue of whether the plaintiff carried his burden, we are guided by La. C.C. art. 2323(A) that states "[i]n any action for damages where a person suffers injury ... the degree or percentage of fault of all persons causing or contributing to the injury ... shall be determined ... ." In a comparative law state such as Louisiana, both the plaintiff and the defendant in this case may be a cause of the injuries to the plaintiff, and the trier of fact (judge or jury) would be required to determine the percentage of fault of each party at a trial on the merits. <u>See Martin v. Thomas</u>, 2021-01490 (La. 6/29/22), 346 So.3d 238, 245 (holding that under Louisiana's pure comparative fault regime, the negligence "of all persons," including those not in the litigation, those without the ability to pay, and the injured victim him- or herself, "shall" be assigned a percentage of fault.) The allocation of fault is a factual finding. Where reasonable minds can differ as to the comparative fault of the parties, summary judgment is inappropriate. <u>Carpenter v. Thomas</u>, 2022-0872, 2022-0873 (La. App. 1 Cir. 3/13/23), 362 So.3d 977, 987.

Applying the substantive legal concepts and recognizing that the defendant has met its initial burden, we must determine if the plaintiff has met his burden of producing factual support sufficient to establish the existence of a genuine issue of material fact as to the essential elements he must prove to support his claim. <u>Farrell</u>, 359 So.3d at 472. We are also cognizant of the fact that in determining if a genuine issue of material fact exists, we cannot determine the credibility of the contents of the plaintiff's deposition nor can we determine what weight it is to be given. Credibility and weighing evidence are not appropriate in summary judgment determinations. <u>See Smith</u>, 639 So.2d at 751; <u>Collins</u>, 298 So.3d at 194.

11

The Louisiana Supreme Court stated the following in <u>Davis</u>, 774 So.2d at 90:

> To prevail in a falling merchandise case, the customer must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, *and* (3) that the merchant's negligence was the cause of the accident: the customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall. (Emphasis added.)

In reading <u>Davis</u>, we must interpret the burden on the plaintiff in this case to be that: (1) he did not solely cause the merchandise to fall; (2) that another customer did not solely cause the merchandise to fall; and (3) that the merchant's negligence was "a" (not "the") cause of the accident.

Reviewing the three factors established in <u>Davis</u>, we can easily conclude that the plaintiff has established and it is uncontested that factor two (2) is not present. There is no evidence that another customer caused the saddle rack box to fall. The more difficult factors are numbers one (1) and three (3), was the plaintiff the sole cause of the saddle rack box falling and if not, was the negligence of the merchant or its employee in placing the saddle rack box in an unsafe position a cause of the plaintiff's injuries. The burden is on the plaintiff to show that there are genuine issues of material fact as to these two elements of the plaintiff's case. Only when the plaintiff has negated the first two possibilities and demonstrated the last will he have proved the existence of an "unreasonably dangerous" condition on the merchant's premises. <u>Davis</u>, 774 So.2d at 90.[5]

In this case, the plaintiff argues that summary judgment is not appropriate because an issue of material fact exists as to whether the defendant's negligence was a cause of the accident, and whether the plaintiff's touch was a cause or the sole

---

[5] In a "falling merchandise" case under La. R.S. 9:2800.6(A), the standard is that the merchant must use reasonable care to keep its aisles, passageways and floors in a reasonably safe condition and free of hazards which may cause injury. <u>Davis</u>, 774 So.2d at 90. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. La. R.S. 9:2800.6(A).

12

cause of the falling merchandise. In support of his argument, the plaintiff submitted his deposition as evidence to oppose the defendant's motion for summary judgment.[6] In his deposition, the plaintiff stated that on the day of the accident, the only available saddle rack box was placed on the top shelf, which was approximately seven feet high. The plaintiff stated that the box itself was positioned vertically and protruded over the edge of the shelf. Due to the positioning of the box, the plaintiff stated that he attempted to get assistance from store employees when he "went to the end of the aisle, looked around, went back to the other end of the aisle, looked around, went to the service desk, didn't see anybody, and came back." The plaintiff further stated that he knows for certain that there was not a "please ask for assistance" sign on the aisle where the accident occurred on the day of the incident. The plaintiff stated that due to the top-heavy nature of the box, as soon as he lifted his hands above his head and touched the box to see the price, it toppled over and fell onto his head.

After reviewing the summary judgment evidence presented by the plaintiff, we find that he carried his burden of proving that there are genuine issues of material fact as to whether the defendant exercised reasonable care in placing the saddle rack box on the top shelf of its store, and whether the defendant should have anticipated the actions of the plaintiff or third parties. There are genuine issues of material fact as to whether the plaintiff was the sole cause of the saddle rack box falling, and as to whether the placement of a 42.9-pound box on a seven-foot-high top shelf would cause it to fall when touched by a customer creating an unreasonable risk of harm.

Only if reasonable persons could reach one conclusion would summary judgment be appropriate in this case. Farrell, 359 So.3d at 478; Smith, 639 So.2d at 746. Reasonable persons could disagree as to whether the plaintiff, the defendant,

---

[6] The plaintiff also attached the affidavit of an expert, Mr. White, to his opposition memorandum. The defendant filed a motion *in limine* to exclude the testimony of Mr. White. The trial court did not rule on the motion *in limine*. Due to our holding in this matter, we will not address the motion *in limine* to exclude Mr. White's affidavit.

13

or both could be a cause for the saddle rack box to fall. Therefore, summary judgment is not appropriate since it is the factfinder who must determine whether the defendant created an unreasonably dangerous condition, which was potentially a cause of the plaintiff's injuries after a trial on the merits. The merchant has a duty to safely shelve or display its merchandise to include the foreseeable removal and replacement of the goods by its customers. See Stepherson v. Wal-Mart Stores, Inc., 34,547 (La. App. 2 Cir. 4/4/01), 785 So.2d 950, 954.

There are factual questions as to whether placing the saddle rack box that weighed over 40 pounds on the top shelf over seven feet high created an unreasonably dangerous condition as mandated by La. R.S. 9:2800.6 and Davis. There is also a genuine dispute as to whether the plaintiff solely caused the saddle rack box to fall and/or whether the defendant's improper placement of the box was the or a cause of the accident. See Cullivan v. Wal-Mart Stores Inc., No. CV 17-00840, 2018 WL 1368333, *4 (W.D. La. Mar. 16, 2018) (denying summary judgment to merchant where a genuine dispute existed "as to whether [the] [p]laintiff caused the merchandise to fall by 'touching' it and/or whether Wal-Mart's failure to use a restraining device was the cause of the accident"); Joseph v. Lowe's Home Centers, Inc., 2022-694 (La. App. 3 Cir. 5/24/23), 2023 WL 3606325, *3 (unpublished), writ denied, 2023-00881 (La. 10/10/23), ___ So.3d ___ (La. 10/10/23) (reversing summary judgment in favor of merchant where conflicting testimony created genuine dispute regarding whether customer caused merchandise to fall); Santos v. Dollar Mania, Inc., 50,481 (La. App. 2 Cir. 6/22/16), 197 So.3d 701, 704 (reversing summary judgment in favor of merchant finding that the factfinder should be required to determine whether the unstable belt rack created an unreasonably dangerous condition which was a cause of the accident).

Accordingly, after a *de novo* review, we find that the plaintiff met his burden of producing factual support that created a genuine issue of material fact as to whether the action of the defendant in placing a saddle rack box on the top shelf, where it could fall upon a customer, was an unreasonably dangerous condition that was a cause of the injuries the plaintiff sustained. Furthermore, there are conflicting issues of fact as to whether the plaintiff was the sole cause of the saddle rack box falling or whether it was a combination of the fault of the plaintiff and the defendant that contributed to the plaintiff's injuries. Therefore, we reverse the trial court judgment that granted summary judgment in favor of the defendant and remand for further proceedings.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion. All costs of this appeal are assessed to the defendant, Tractor Supply Company.

**REVERSED AND REMANDED.**

15